Dear Messrs:
On behalf of the State Contractors Licensing Board ("Board") and Louisiana Manufactured Housing Commission (Commission), you have requested an opinion of the Attorney General relating to which entity has regulatory authority over modular housing. The State Contractors Licensing Board requests an opinion on the question of whether contractors licensed by the Board may lawfully purchase and/or construct projects utilizing modular housing components without the necessity of obtaining licensure from the Louisiana Manufactured Housing Commission ("Commission"). In its opinion request, the Board states that the Commission has advised both residential contractors and modular housing component manufacturers that it is unlawful for any person to purchase, and/or arrange for the construction of a residential or commercial structure which utilizes modular components, unless that person possesses a retailers license from the Commission.
The Board states in its opinion request that a modular house consists of housing components built off-site, transported to the site of the residence, permanently affixed or installed upon a slab or foundation, and thereafter pieced together to form the residence. The site is zoned residential and no title is issued in connection with the assembly and construction of the finished residence. It is the position of the Board that a retailer's license from the Commission is not required for such construction activities and that the only applicable license would be the license issued by the Board pursuant *Page 2 
to La. R.S. 37:2150.1(11). Specifically, the Board requests an opinion of this office on whether the Board or Commission has the legal authority or jurisdiction to regulate modular housing as described in the opinion request.
The Louisiana Manufactured Housing Commission has requested an opinion of our office (OR #06-0192) seeking clarification of whether factory built residential dwellings constructed to the International Residential Code ("IRC") are "manufactured homes" as defined in La. R.S. 51:911.22(5); whether the State Licensing Board for Contractors has the authority to regulate the manufactured housing industry or any individual engaged in the installation, service, warranty, repair or home improvement of a factory built residential dwelling; and whether the Commission has the authority to license, administer and regulate the sale, lease, distribution and/or installation of factory built, residential dwelling which are manufactured in accordance with the IRC and transported from the factory to an installation site utilizing a chassis delivery system.
The State Licensing Board for Contractors submits that modular homes transported, assembled and constructed at a residential site fall within its jurisdiction and regulatory authority. The Louisiana Manufactured Housing Commission submits that factory-built residential dwellings which are transported from a factory to an installation site after being mounted on a chassis are considered modular homes and fall within its jurisdiction and regulatory authority. The Board does not seek to regulate factory-built housing and the Commission does not seek to regulate site-built housing. The issue is whether factory-built housing that remains permanently attached to a chassis after transportation and installation at the residence site is considered a manufactured or modular home and thus falls within the regulatory authority of the Louisiana Manufactured Housing Commission. If not, then such housing would fall within the regulatory authority of the State Licensing Board for Contractors.
The Board points to La. R.S. 51:911.22(5) as limiting the regulatory authority of the Commission to only factory-built housing built to HUD standards and codes and factory-built housing that is mounted on a chassis. The Commission points to La. R.S.37:2150.1(11) and La. R.S. 37:2157(A)(10) which specifically provide that the authority of the Licensing Board shall not extend over factory-built, residential dwellings that are mounted on chassis and wheels. The Commission also submits that if a modular home is transported to a residence on a vehicle that has a chassis the definition of manufactured home in La. R.S. 51:911.22(5) is met and the assembly and construction of the modular home is regulated by the Commission. Neither of the laws that regulate the Board or Commission specifically includes any reference to or provides a definition of modular home. The American Heritage College Dictionary, Third Edition, defines "modular home" as "A house built of prefabricated standardized sections".
La. R.S. 51:911.22 et seq. grants the Louisiana Manufactured Housing Commission the authority to regulate the manufacture, sale and installation of manufactured homes. La. R.S.51:911.22(5) defines a "manufactured home" as: *Page 3 
 (5) "Manufactured home" and "manufactured housing" means a factory-built, residential dwelling unit constructed to standards and codes, as promulgated by the United States Department of Housing and Urban Development (HUD), under the National Manufactured Housing Construction and Safety Standards Act of 1974, 42 U.S.C. 5401 et seq., as amended. Further, the terms "manufactured home" and "manufactured housing" may be used interchangeably and apply to structures bearing the permanently affixed seal of the United States Department of Housing and Urban Development or to factory-built, residential dwellings that are mounted on a chassis.
As set forth in La. R.S. 51:911.22(5), the Louisiana Manufactured Housing Commission regulates and issues licenses for manufactured homes or manufactured housing that are constructed to standards and codes as promulgated by the United States Department of Housing and Urban Development (HUD), under the National Manufactured Housing Construction and Safety Standards Act of 1974, or to factory-built residential dwellings that are mounted on a chassis. However, 24 U.S.C. Section 3280.12 and which relates to HUD Manufactured Home Construction and Safety Standards specifically excludes modular homes from the HUD certification standards.
For a structure to be excluded from HUD certification standards, the structure must be designed only for the erection or installation on a site-built permanent foundation, must not be designed to be moved once erected or installed on a site-built permanent foundation and comply with a recognized building code. Under Louisiana Law modular homes designed and permanently installed or constructed on a residential site must be constructed in accordance with the International Residential Code (IRC) adopted by the State of Louisiana pursuant to La. R.S.40:1730.28 and which is enforced by the Louisiana State Licensing Board for Contractors. Accordingly, modular homes that meet the above criteria are specifically excluded from the HUD standards and codes. The Commission would therefore only have regulatory authority over modular homes if such modular homes are considered manufactured homes or housing because such homes are "factory-built, residential dwellings that are mounted on a chassis" as set forth in R.S. 51:911.22(5).
The following rules of statutory interpretation and construction are applicable to the issue presented.
LSA-C.C. Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. *Page 4 
 LSA-C.C. Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having a meaning that best conforms to the purpose of the law.
 LSA-C.C. Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
 R.S. 1 § 3. Words and phrases; how construed
 Words and phrases shall be read with their context and according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
After researching the legislative history of La. R.S.51:911.22, this office can find no evidence that the legislature intended to include modular housing in the statutory definition of manufactured home. The definition set forth in La. R.S.51:911.22(5) is directed solely at factory-built, residential dwellings that are mounted on a chassis. The statute does not include any language that would encompass modular components that are built off-site, transported to the residence, removed from the chassis and then assembled and permanently affixed to a slab or foundation. The statute refers only to "factory-built, residential dwellings that are mounted on a chassis".
Webster's Third New International Dictionary defines "mount" as "an object to which another is affixed or on which another is placed for accessibility, display, or use, especially an undercarriage or stand on which a device rests while in service." "Chassis" is defined as "the frame upon which is mounted the body." Taken together the Commission would regulate an object such as a completed factory built residential dwelling that is permanently affixed to an undercarriage or frame for use.
Webster's Third New International Dictionary defines "Modular" as "any in a series of standardized units for use together". This would certainly indicate that a modular home is not a factory built completed unit but instead consists of a series of units or sections that are delivered to the residence site and then assembled, constructed and completed. *Page 5 
Information submitted with the opinion requests indicate that modular homes or units are not mounted on a chassis as part of the off site factory-built construction process but rather are loaded in sections upon a truck or trailer for transport to the residence site. Upon delivery the modules or sections are removed for assembly or erection on a permanent foundation. Thus, the only chassis involved in the modular home construction process is the chassis found on the truck or trailer used to transport the modular components to the residence site. The components, sections or modules are unloaded and assembled on the permanent foundation. The completed and finished structure does not maintain any connection with a chassis. An interpretation that the transportation of the modular components on a truck or trailer which has a chassis somehow creates a "manufactured home" as defined in the statute would be inconsistent with La. C.C. art. 9.
On the other hand a manufactured home is entirely factory built on a chassis and the chassis remains permanently attached during and after delivery. In addition, the manufactured home is fully completed and inspected at the factory with identification information affixed to the units. Although the completed manufactured home may come in several units or sections for ease of transportation, each has been fully completed, enclosed, inspected, and licensed at the factory. Installation is limited and may include blocking, anchoring and tie down.
Other significant factors that distinguish the modular home from the manufactured home involve site preparation, on-site construction, including setting the modules in place, sealing of walls, roof construction and installation, electrical, plumbing HVAC system connection and installation, interior finishing etc. As stated above, the manufactured home comes to the delivery site fully completed and assembled and remains permanently attached to the chassis. In addition, the manufactured home remains portable once in place whereas the modular home is permanently affixed to a foundation at the residence site. It is clear that a modular home is not "mounted on chassis" as part of its factory-built process. In Attorney General Opinion No. 78-1538 this office stated that, due to the nature of its assembly and its foundation, a modular structure, whether used as a dwelling or commercial office, would be excluded from the definition of mobile home (manufactured home) under R.S. 51:911.22(5).
Another clear distinction between a manufactured home and a modular home is that each provides and follows separate statutory warranties. R.S. 51:911.25 provides that each new manufactured home be covered by a warranty for only the first retail purchaser and only for a period of one year from the date of purchase. The New Home Warranty Act (NHWA) (La. R.S. 9:3141-3150) outlines the warranty available for modular homes and supplies the remedy available for new home owners. The warranty pursuant to the New Home Warranty Act (NHWA) is transferable and can last up to five years. It should also be noted that a manufactured home is registered with the Louisiana Office of Motor Vehicles and a title issued similar to that of a motor vehicle. A *Page 6 
modular home has no such title since it becomes part of the property upon which it is assembled and constructed.
Guided by the rules of statutory interpretation and construction noted above, we find that a modular home as described in the opinion request and which does not have a chassis permanently affixed to its body as its foundation and which is assembled and constructed at the residence site pursuant to IRC standards does not fall within the definition of manufactured home as set forth in La. R.S. 51:911.22(5) and therefore does not fall within the regulatory authority and jurisdiction of the Louisiana Manufactured Housing Commission.
Accordingly, it is the opinion of this office that the Louisiana State Contractors' Licensing Board, and not the Louisiana Manufactured Housing Commission, has regulatory authority and jurisdiction over modular homes which are constructed according to the International Residence Code and subject to the NHWA.
We trust that this answers your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 By: _________________________________ RICHARD L. McGIMSEY Assistant Attorney General